```
               FILED
        13 FEB -6 PM 3:57
        CLERK, U.S. DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA

                              DEPUTY
        BY:
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Ex Parte Application of<br><br>MOTOROLA MOBILITY LLC,<br><br>Applicant,<br><br>For an Order Under 28 U.S.C. § 1782 for the Issuance of a Subpoena to Qualcomm Incorporated for the Production of Documents for Use in Foreign Proceedings. | Case No. 3:12-cv-02618-BTM-WVG<br><br>**STIPULATION AND PROTECTIVE ORDER** |

1  Whereas, on October 26, 2012, Motorola Mobility LLC ("Motorola") filed an *Ex Parte* Application for an Order Under 28 U.S.C. § 1782 for the Issuance of a Subpoena to QUALCOMM Incorporated ("Qualcomm") for the Production of Documents for Use in Foreign Proceedings. The foreign proceedings are pending in Germany between Motorola on one hand and Apple Inc., Apple Retail Germany GmbH, and/or Apple Sales International (collectively "Apple") on the other hand;

Whereas, the subpoena sought by Motorola includes requests for the production of certain agreements and communications between Qualcomm and Apple, and certain documents relating to interactions between Qualcomm and Apple;

Whereas, Qualcomm has objections to the scope of the subpoena sought by Motorola in its *ex parte* application;

Whereas, counsel for Apple and Qualcomm have met and are continuing to meet and confer with counsel for Motorola in an attempt to resolve those objections; and

Whereas, Apple and Qualcomm wish to protect any confidential, proprietary, and/or commercially sensitive information of certain documents sought by Motorola, in the event that the Court grants Motorola's *ex parte* application in whole or in part, and to the extent that the requested documents exist;

Therefore, Motorola, Apple, and Qualcomm stipulate and agree, and the Court hereby orders as follows:

In the event that the Court grants Motorola's *ex parte* application in whole or in part and issues a subpoena to Qualcomm, the following confidentiality provisions will apply:

Qualcomm may, in good faith, designate documents (or other information) produced in response to this subpoena that is confidential, proprietary, and/or commercially sensitive information marked as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." Qualcomm may also, in good faith, redact from its production portions of documents or material which portions are highly sensitive and proprietary and do not relate to issues in the cases for which the subpoena has issued, as follows:

- references to Qualcomm products other than baseband processor chips that may be used in devices that practice one or more of the GSM, GPRS, EDGE, UMTS, WiFi, and/or WLAN standards;
- references to companies other than Motorola and predessor companies and companies related thereto, Qualcomm, Apple, or intermediaries involved in the purchase, supply, or inclusion of Qualcomm baseband processor chips that may be used in devices that practice one or more of the GSM, GPRS, EDGE, UMTS, WiFi, and/or WLAN standards in Apple products.

If there is a dispute about whether redacted portions do in fact pertain to the topics of the document requests, then Motorola, Apple, and Qualcomm will meet and confer within three business days in good faith to attempt to resolve the dispute before seeking any assistance from the Court.

For documents or material that Qualcomm produces in response to the subpoena but does not designate as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," Apple may, in good faith and within three business days of reviewing the documents or material, designate such documents or material that is confidential, proprietary, and/or commercially sensitive to Apple as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." For any document or material that Apple so designates, Apple shall provide Motorola with a copy marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," and Motorola shall return to Qualcomm or destroy all copies not marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

Once produced by Qualcomm and so designated by Qualcomm or Apple, or if no designation is necessary, Motorola and Apple may use these documents in any court cases in Germany related to the compulsory license agreement between Motorola and Apple, including but not limited to the following court cases: case nos. 7 O 122/11, 7 O 103/12, 7 O 236/12 and 7 O 241/12 in the Mannheim District Court, case no. 4a O 69/11 in the Düsseldorf District Court, and any appeals or contempt proceedings related thereto (together, the "Motorola-Apple Germany Litigation").

The following protections shall apply to documents or information produced by Qualcomm pursuant to the subpoena at issue marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY":

1. Motorola's in-house counsel and other Motorola personnel shall not be permitted access to CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information of Apple or Qualcomm, and Apple's in-house counsel and other Apple personnel shall not be permitted access to CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information of Qualcomm.

2. Neither Motorola nor Apple shall permit access to the CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information by anyone except: (a) Motorola's and Apple's outside counsel involved in filing or responding to Motorola's application for the subpoena to which this Protective Order pertains; (b) German court personnel; (c) qualified retained experts as defined below; and (d) Motorola and Apple outside counsel who have agreed in writing to be bound to the terms of this protective order and who need to see this Qualcomm or Apple CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information for purposes of litigating Motorola's and/or Apple's claims or defenses regarding compulsory licenses in Motorola-Apple Germany Litigation.

3. "Qualified retained experts" as used above means retained experts who are qualified in advance of having access to Apple's CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY or Qualcomm's CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY with an opportunity for Apple or Qualcomm, respectively, to make reasonable objections within seven (7) calendar days after disclosure of any such expert to Apple or Qualcomm, respectively. Such disclosure of any expert to whom Motorola wishes to disclose Qualcomm CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY material shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with any of the parties; (f) a list of other cases in which the

individual has testified (at trial or deposition) within the last five years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years and a brief description of the subject matter of the consultancy or employment; and (h) a signed copy of the "Acknowledgement and Agreement To Be Bound By Stipulation and Protective Order" attached as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B. If, after meeting and conferring in good faith following any objection, the parties are unable to resolve the objection, each of Apple and Qualcomm shall have five (5) calendar days from the date of its objection in which to file a motion for a protective order with this Court, after which time it shall be deemed to have waived its objections. Each such qualified expert will agree in writing to be bound to the terms of this Protective Order and will only be given access if he or she needs to see Apple's or Qualcomm's CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information for purposes of litigating Motorola's and/or Apple's claims or defenses regarding compulsory licenses in the Motorola-Apple Germany Litigation;

4. Motorola and Apple agree to stipulate and move any applicable German court to close the courtroom during those portions of hearings when Apple's or Qualcomm's CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information is to be discussed.  If the German court refuses to close the courtroom, Apple and Motorola may nevertheless make use of the Apple or Qualcomm CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information, but agree to use their best efforts to ensure that Apple's and Qualcomm's CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information will not be made public, including, for example, referring to citations to the sealed written record and directing all witnesses to refer to citations to the written record. In any situation where Apple or Qualcomm CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information must be made public in a German court, Motorola and Apple will continue to use their best efforts to minimize the Apple and

Qualcomm CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY-information that would in fact be made public, both in terms of quantity and the commercial sensitivity of such Apple and Qualcomm CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information;

5. After receiving notice Motorola will promptly notify Apple and Qualcomm and their counsel of any attempt by a third party to the German proceedings to access any such Apple or Qualcomm CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information that was in fact used in the record of those proceedings, or of any attempt by any third party to intervene in the German proceedings, in sufficient time to allow Apple and/or Qualcomm to object, with the cooperation of the parties in the proceeding, and to have such objection timely resolved by the German court to ensure adequate protections remain in place.

6. Motorola will give Apple and Qualcomm advance notice (at least 2 weeks where possible, and promptly where Motorola has less than 2 weeks notice) of any hearings at which Apple or Qualcomm CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information may be used and an opportunity to attend; Apple will similarly give Qualcomm advance notice on the same terms of any hearings at which Apple intends to use Qualcomm CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information.

7. Even after the termination of the Motorola-Apple Germany Litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until Qualcomm agrees otherwise in writing or a court order otherwise directs.

8. Unless otherwise ordered or agreed in writing by Qualcomm, within sixty (60) days of the termination of the Motorola-Apple Germany Litigation, whether through settlement or final judgment (including any and all appeals therefrom), Motorola and Apple, including each of its outside counsel, consultants, experts, or other party acting on its behalf, will destroy all Qualcomm CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

material produced in response to the subpoena, as well as all work product, pleadings, motion papers, legal memoranda, correspondence, hearing transcripts and hearing exhibits admitted into evidence containing information from Qualcomm's CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY material ("derivations") and all copies thereof, with the exception of copies stored on back up tapes or other disaster recovery media. With respect to any copy of Qualcomm CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY material or derivation thereof that remains on back-up tapes and other disaster storage media, neither Motorola or Apple, nor its consultants, experts, counsel or other party acting on its behalf shall make copies of any such information available to any person for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to Qualcomm or such shorter period as required by court order, subpoena, or applicable law.

9. This Protective Order is entered without prejudice to the right of Motorola, Apple or Qualcomm to apply to the Court at any time for modification of this Protective Order, when convenience or necessity requires. Nothing in this Protective Order abridges the right of any person to seek to assert other objections. Neither Apple nor Qualcomm waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order.

10. The United States District Court for the Southern District of California is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Qualcomm CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY material produced under the protection of this Protective Order shall be resolved by the United States District Court for the Southern District of California. Every individual who receives any Qualcomm CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Protective Order.

11. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

DATED: February 5, 2013

By: s/ *Peter J. Chassman*
Peter J. Chassman

WINSTON & STRAWN LLP
Attorneys for Motorola Mobility LLC

By: /s/ *Stuart M. Rosenberg*
Stuart M. Rosenberg

GIBSON DUNN & CRUTCHER LLP
Attorneys for Apple Inc., Apple Sales International, and Apple Retail Germany GmbH.

By: s / *David E. Kleinfeld*

GOODWIN PROCTER LLP
Attorneys for QUALCOMM Incorporated

IT IS SO ORDERED

Dated: 2/5/13

By: _____
Hon. William V. Gallo
U.S. Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATION AND PROTECTIVE ORDER GOVERNING DISCOVERY FROM QUALCOMM IN THE MOTOROLA-APPLE GERMANY LITIGATION

I, _____ [print or type full name], state: My business address is _____;

1. My present employer is _____;

2. My present occupation or job description is _____;

3. I have been informed of and have reviewed the Stipulation and Protective Order governing discovery from Qualcomm in the Motorola-Apple Germany Litigation ("Protective Order") entered in this case, and understand and agree to abide by its terms. I agree to keep confidential all information provided to me in the Motorola-Apple Germany Litigation, in accordance with the restrictions in the Protective Order, and to be subject to the authority of that Court in the event of any violation or dispute related to this Protective Order.

4. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____.

[Printed name]

[Signature]

# EXHIBIT B

## CERTIFICATION OF CONSULTANT RE

## STIPULATION AND PROTECTIVE ORDER GOVERNING

## DISCOVERY FROM QUALCOMM IN THE MOTOROLA-APPLE GERMANY LITIGATION

I, _____ [print or type full name], of

_____ am not an employee of the party who retained me or of a competitor of any party or non-party Qualcomm and will not use any information, documents, or things that are subject to the Stipulation and Protective Order ("Designated Material") in the Motorola-Apple Germany Litigation, to which I have access for any purpose other than this litigation.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____ .

[Printed name]

[Signature]

## DECLARATION OF CONSENT

Purusant to ECF Administrative Policies and Procedures Manual, Section 2(f)(4) regarding signatures, I attest under the penalty of perjury that concurrence in the filing of this documents has been obtained from counsel for Qualcomm Incorporated and counsel for Apple Inc., Apple Sales International, and Apple Retail Germany GmbH.

By: s/ Peter J. Chassman
Peter J. Chassman

**Error! Unknown document property name.**